968 So.2d 97 (2007)
James E. BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3021.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
Carey Haughwout, Public Defender, and Allen A. Ambrosino, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
*98 KLEIN, J.
As a result of a fire in his jail cell, appellant was convicted of first degree arson in an institution. He argues that the trial court erroneously admitted as Williams Rule evidence the fact that a similar fire occurred in a nearby cell at the same time. We affirm.
The fire started in appellant's cell while he was the sole occupant. The first officer who responded saw a homemade cigarette on the floor near the burning mattress and burned papers in the mattress. An investigator for the state fire marshal testified that this type of mattress does not easily ignite without receiving help from something combustible, and he ruled out causes of the fire which would not have been connected to appellant.
Over appellant's objection the court admitted evidence that another fire had started at the same time in another inmate's cell two cells away from appellant. The fires were similar in that the mattress and papers were burned. A lighter which, under the configuration of the two cells, could have been passed from one to the other, was found in the cell of the other inmate. The court admitted the evidence as evidence of a plan which refuted appellant's defense that the fire in his cell had started accidentally.
Appellant argues that this was evidence admissible under Williams v. State, 110 So.2d 654 (Fla.1959), for which notice must be given under section 90.404(2)(c)1, Florida Statutes (2002), which provides:
When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a) or paragraph (b), no fewer than 10 days before trial, the state shall furnish to the defendant or to the defendant's counsel a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.
Appellant argues that the state did not give the ten day's notice, but the state responds that the appellant waived this issue because there was no objection on that ground in the trial court. We agree with the state.
Appellant was aware of the other fire because its existence had been brought out in discovery depositions and, before voir dire, appellant objected to any evidence of the other fire. The trial court responded that it would address the issue during the trial, if necessary, and the state agreed to not mention it in jury selection or opening statement.
During the trial the state proffered the testimony pertaining to the other fire and argued it was relevant to refute appellant's position that the fire was an accident. Appellant responded that the evidence was not relevant and was highly prejudicial. He also argued that the evidence of the other fire had not been disclosed in discovery; however, the trial court overruled that objection because the other fire had been addressed in depositions and it was the appellant who had raised it before trial. The court then found that the relevancy of the other fire to refute the absence of an accident was not outweighed by the prejudice.
Because appellant was fully aware of the other fire from the discovery depositions this was no discovery violation. Although we agree that the evidence of the other fire was Williams rule evidence, and governed by the notice requirement of section 90.404(2)(c)(1), that objection was not raised in the trial court and was therefore waived. As these fires occurred at the same time, with the same materials, in two *99 cells which were close to each other, and expert testimony indicated they were not accidental, the trial court did not abuse its discretion in admitting the evidence. We also conclude that the trial court was correct in finding no discovery violation.
Affirmed.
TAYLOR, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
I respectfully dissent. Although I concur that Bailey's Williams Rule argument was waived, I would reverse and find that the trial court abused its discretion in admitting testimony concerning the fire in the cell two cells away. In my judgment it is too speculative that there was a relationship between the two fires to warrant its admission.